O’MALLEY, Circuit Judge,
concurring in the result.
I concur in the judgment only. I agree with the majority’s conclusion that Keurig’s asserted patent rights were exhausted by the sale of its patented brewers. Reaching this result requires application of a single principle: “[t]he longstanding [rule] ... that the initial authorized sale of a patented item terminates all patent rights to that item.” Quanta Computer, Inc. v. LG Elecs., Inc., 553 U.S. 617, 625, 128 S.Ct. 2109, 170 L.Ed.2d 996 (2008). This would include all rights to claims which recite methods which involve the normal and intended use of the patented item. The conclusion that the rights to the asserted methods were exhausted by the brewer sales in this case does not, however, depend upon whether exhaustion should be assessed on a claim-by-claim or patent-by-patent basis. Keurig’s patent rights covering normal methods of using its brewers to brew coffee would be exhausted by the sale of the Keurig brewers, regardless of which patent or patents contain the relevant apparatus and method claims. Thus, the majority’s conclusion that exhaustion should not be assessed on a claim-by-claim basis is dicta. To the extent it could be characterized as anything other than dicta, I must dissent from that conclusion. There could be instances where assessing exhaustion on a claim-byelaim basis — the same way we conduct almost every analysis related to patent law — would be necessary and appropriate. “[E]ach claim must be considered as defining a separate invention.” Jones v. Hardy, 727 F.2d 1524, 1528 (Fed.Cir.1984). “Because patent claims are independent of each other, it stands to reason that the legal doctrine of patent exhaustion should apply on a claim-by-claim basis.” Amicus Br. of Boston Patent Law Ass’n at 7. Thus, to the extent the majority purports to lay down a blanket rule affecting cases with facts that diverge widely from those we consider today, I must dissent.